**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter  **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Ector County Energy Center LLC** | |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-0616852** | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **8200 OB Holt Road** **Goldsmith, TX 79741** Number, Street, City, State & ZIP Code | **One South Wacker Dr., Suite 1900** **Chicago, IL 60606** P.O. Box, Number, Street, City, State & ZIP Code |
| **Ector** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL)  _____

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Ector County Energy Center LLC** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
       2211

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No
☐ Yes.

Debtor  **Ector County Energy Center LLC**                                    Case number (*if known*) _____
     Name

List all cases. If more than 1,
attach a separate list

Debtor _____ When _____ Relationship _____
District _____                    Case number, if known _____

**11. Why is the case filed in** *this district?*

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
       Contact name _____
       Phone _____

---

█ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☑ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☑ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☑ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Ector County Energy Center LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    04/11/2022
             MM / DD / YYYY

**X** /s/ John D Baumgartner                    **John D. Baumgartner**
Signature of authorized representative of debtor        Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

**X** /s/ Christopher A. Ward                    Date   04/11/2022
Signature of attorney for debtor                        MM / DD / YYYY

**Christopher A. Ward**
Printed name

**Polsinelli PC**
Firm name

**222 Delaware Avenue**
**Suite 1101**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-252-0920**    Email address   **cward@polsinelli.com**

**3877 DE**
Bar number and State

**ECTOR COUNTY ENERGY CENTER LLC**

**UNANIMOUS WRITTEN CONSENT OF
SPECIAL COMMITTEE**

**April __8___, 2022**

The undersigned, being all of the members of the Special Committee ("**Special Committee**") designated by the Board of Managers (the "**Board**") of Invenergy AMPCI Thermal Power LLC ("**IAMPCI**"), to exercise the Board's right and authority (the "**Indirect Ultimate Authority**") to oversee the management of the business and affairs of Ector County Energy Center LLC ("**Ector**") as the governing body of IAMPCI which is the sole Manager of Invenergy Thermal Operating I Holdings LLC, which is the sole manager of Invenergy Thermal Operating I LLC, which is the sole manager of Invenergy Thermal LLC, which is the sole manager of Ector County Energy Center Holding LLC, which is the sole manager of Ector, such Special Committee having been duly formed and appointed pursuant to Board resolutions adopted by unanimous written consents dated January 27, 2022 and March 11, 2022, hereby consent to the taking of the actions and adopt the resolutions set out below.  All of the actions taken and resolutions set out in this written consent shall have the same force and effect as if they were taken or adopted at a meeting of the Special Committee. This written consent is executed as of the date first written above and shall be filed in Ector's minute books.

WHEREAS, the Special Committee has been formed to act, among other things, as the body to which the officers and agents of Ector are to report with respect to all matters; and

WHEREAS, the Special Committee holds the full power and authority to make all decisions affecting the business and operations of, and to take all actions deemed necessary, appropriate or advisable on behalf of, Ector, including, but not limited to, engaging in transactions under and in accordance with the provisions of title 11 of the United States Code (the "**Bankruptcy Code**"), as well as relating to the retention by Ector of professionals, advisors, officers, and consultants as deemed necessary and appropriate; and

WHEREAS, the Special Committee, after due deliberation and consideration, appointed John Baumgartner ("**Baumgartner**"), as Company's "chief restructuring officer" ("**CRO**") with broad responsibility to oversee and direct all tasks associated with running Ector's business, subject to direction from the Special Committee, by virtue of a Unanimous Written Consent of the Special Committee dated January 28, 2022;

**Relating to the Chapter 11 Case**

**NOW THEREFORE, BE IT RESOLVED**, that the Company shall be, and hereby is, authorized to file a voluntary petition for relief (the "**Petition**") pursuant to the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware or another court of proper jurisdiction (the "**Bankruptcy Court**"); and

**BE IT RESOLVED FURTHER**, that the CRO and any other person so authorized by the CRO (each, an "**Authorized Person**"), acting together or singly, shall be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute, acknowledge, verify, and deliver the Petition and cause the same to be filed with the Bankruptcy Court, thus commencing the Company's chapter 11 bankruptcy case (the "**Chapter 11 Case**"), at such time as the Authorized Person executing the Petition shall determine; and

**BE IT RESOLVED FURTHER**, that each Authorized Person, acting together or singly, be and hereby is authorized, empowered and directed to execute, acknowledge, verify, and file any other documents and take any other action that such Authorized Person may deem necessary or proper to carry out the Company's Chapter 11 Case; and

**BE IT RESOLVED FURTHER**, that each Authorized Person, acting together or singly, be and hereby is authorized, directed, and empowered, in the name of the Company, to execute, verify, and cause to be filed such requests for relief from the Bankruptcy Court that such Authorized Person deems necessary and proper; and

## Relating to Retention of Advisors

**BE IT RESOLVED FURTHER**, that the law firm of Holland & Knight LLP ("**H&K**") be, and hereby is, employed on behalf of the Company under a general retainer for the purpose of representing the Company in the Company's restructuring efforts, including in any Chapter 11 Case, *provided that* any such retention in the Chapter 11 Case is subject to approval by the Bankruptcy Court; and

**BE IT RESOLVED FURTHER**, that the law firm of Polsinelli P.C. ("**Polsinelli**") be, employed on behalf of the Company as local counsel in Delaware for the purpose of assisting H&K and the Company in the Chapter 11 Case as needed, and each Authorized Person, acting together or singly, is authorized to act on behalf of the Company to negotiate and enter into any fee arrangement with Polsinelli that such Authorized Person deems to be necessary and appropriate *provided that* any such retention in the Chapter 11 Case is subject to approval by the Bankruptcy Court; and

**BE IT RESOLVED FURTHER**, that the law firm of Locke Lord, LLP ("**Locke Lord**") be, employed on behalf of the Company as special counsel for the purpose of representing the Company in the Texas multi-district litigation case captioned *MASTER FILE IN RE WINTER STORM URI LITIGATION (Court 281)*, Cause 2021-41903, and each Authorized Person, acting together or singly, is authorized to act on behalf of the Company to negotiate and enter into any fee arrangement with Locke Lord that such Authorized Person deems to be necessary and appropriate *provided that* any such retention in the Chapter 11 Case is subject to approval by the Bankruptcy Court; and

**BE IT RESOLVED FURTHER**, that the law firm of Crowell & Moring LLP ("**C&M**") be employed as special counsel for the purpose of representing the Company in litigation, adversary proceedings and contested matters adverse to Direct Energy Business Marketing, LLC and any of its affiliates, including, but not limited to, the New York litigation

case captioned *Direct Energy Business Marketing, LLC v. Ector County Energy Center LLC and Invenergy LLC,* Case No. 653977/2021, and each Authorized Person, acting together or singly, is authorized to act on behalf of the Company to negotiate and enter into any fee arrangement with C&M that such Authorized Person deems to be necessary and appropriate, *provided that* any such retention in the Chapter 11 Case is subject to approval by the Bankruptcy Court; and

**BE IT RESOLVED FURTHER**, that Perella Weinberg Partners LP and Tudor, Pickering, Holt & Co. (collectively "**PWP**") be employed as investment banker on behalf of the Company, and each Authorized Person, acting together or singly, is authorized to act on behalf of the Company to negotiate and enter into any fee arrangement with PWP that such Authorized Person deems to be necessary and appropriate, *provided that* any such retention in the Chapter 11 Case is subject to approval by the Bankruptcy Court; and

**BE IT RESOLVED FURTHER**, that Donlin Recano & Company Inc. **("Donlin Recano")** be employed to serve as the Company's claims and noticing agent in the Chapter 11 Case, and each Authorized Person, acting together or singly, is authorized to act on behalf of the Company to negotiate and enter into any fee arrangement with GT that such Authorized Person deems to be necessary and appropriate, *provided that* any such retention in the Chapter 11 Case is subject to approval by the Bankruptcy Court; and

**BE IT RESOLVED FURTHER**, that Grant Thornton LLP **("GT")** be employed to provide the Company with a Chief Restructuring Officer and additional personnel, as needed, and each Authorized Person, acting together or singly, is authorized to act on behalf of the Company to negotiate and enter into any fee arrangement with GT that such Authorized Person deems to be necessary and appropriate, *provided that* any such retention in the Chapter 11 Case is subject to approval by the Bankruptcy Court; and

**BE IT RESOLVED FURTHER**, that each Authorized Person, acting together or singly, be and hereby is authorized, empowered, and directed to employ any other professionals deemed necessary and appropriate by such Authorized Person, after consultation with the Special Committee, to assist the Company in the Chapter 11 Case or in carrying out its duties under the Bankruptcy Code, and in connection therewith, is authorized to act on behalf of the Company to negotiate and enter into any fee arrangement with each such professional that such Authorized Person deems necessary and appropriate, *provided that* any such retention in the Chapter 11 Case is subject to approval by the Bankruptcy Court;

### Approval of the Terms of Post-Petition Financing

**WHEREAS,** the Special Committee has determined that it is necessary and appropriate for the Company to obtain financing from Invenergy Thermal Operating I LLC ("**ITOI**") to provide funding for the Company's operations during the interim period between commencement of any Chapter 11 Case and consummation of the Sale (as defined below), as necessary, on the terms set forth in that certain *Senior Secured, Superpriority Debtor in Possession Financing Agreement* presented by ITOI to the Special Committee for consideration prior to the date of this Resolution, and that the terms of the proposed

3

agreement are in the best interests of the Company, its creditors, its members, and other parties-in-interest;

**NOW THEREFORE BE IT RESOLVED,** that each Authorized Person, acting together or singly, is empowered and directed to negotiate, execute, and deliver the agreements and documents necessary to obtain debtor-in-possession financing from ITOI of up to $5,000,000 (the "**DIP Loan**"), and to execute and deliver each other agreement, instrument, or document on behalf of the Company pursuant thereto or in connection therewith as such Authorized Person deems necessary, proper, or appropriate to continue the Company's business or as necessary for the success of the Chapter 11 Case, *provided that*, if necessary, such DIP Loan and any documents executed in connection therewith are subject to approval by the Bankruptcy Court; and

### Approval of the Asset Purchase Agreement

**WHEREAS**, the Special Committee previously determined that the sale by the Company ("**Sale**") of substantially all of its assets in accordance with the *Asset Purchase Agreement*, dated as of March 3, 2022 (the "**APA**") by and between the Company and Ector County Generation, LLC, as amended and conformed, was and is in the best interests of the Company, its creditors, its members, and other parties-in-interest;

**NOW THEREFORE BE IT RESOLVED,** that the execution and delivery of the APA on behalf of the Company, and the transactions contemplated thereby be, and hereby are, ratified, confirmed and approved in all respects; and

**BE IT RESOLVED FURTHER**, that each Authorized Person, acting together or singly, is empowered and directed to negotiate, execute, and deliver all documents in such form and with such changes as deemed necessary and appropriate by such Authorized Person, and to undertake to close any Bankruptcy Court approved sale transaction in accordance with the APA and any orders of the Bankruptcy Court; and

### The Plan Support Agreement and related Credit Agreement Amendment

**WHEREAS**, the Special Committee previously determined that entry into a Plan Support Agreement and related Term Sheet ("PSA") with those lenders ("Prepetition Secured Lenders") that are parties to the Amended and Restated Credit and Guaranty Agreement by and among ITOI, as borrower, the Company, and certain of its affiliates as "Subsidiary Guarantors," each of the Prepetition Secured Lenders, and Credit Suisse, as Agent, on terms negotiated by the Company and its professionals is necessary and appropriate. The PSA provides the terms pursuant to which the Prepetition Secured Lenders will support the Company in its undertaking a sale process and for the allocation and distribution of the net sale proceeds through a liquidating Chapter 11 plan and consensual terms for use by the Company of the Prepetition Secured Lenders' cash collateral during the Chapter 11 Case; and

**WHEREAS**, in order to implement the structure of the PSA relating to the Sale, certain amendments to the Credit Agreement's terms are required, as having been negotiated

by the Company with the Prepetition Secured Lenders, and are in the form attached to the PSA ("**Amendment**");

**NOW THEREFORE BE IT RESOLVED,** that the execution and delivery of the PSA and the Amendment on behalf of the Company, and the transactions contemplated thereby be, and hereby are, ratified, confirmed and approved in all respects; and

**BE IT RESOLVED FURTHER**, that each Authorized Person, acting together or singly, is empowered and directed to negotiate, execute, and deliver all documents in such form and with such changes as deemed necessary and appropriate by such Authorized Person, and to undertake to consummate the transactions that form the basis of the PSA and the Amendment in accordance with the terms of the PSA and any orders of the Bankruptcy Court; and

**BE IT RESOLVED FURTHER**, that each Authorized Person, acting together or singly, is empowered and directed to negotiate, execute, and deliver agreements necessary to obtain use of the Prepetition Secured Lender's cash collateral during the Company's Chapter 11 case, and otherwise take all action determined by such Authorized Person to be necessary to secure such use, including the granting of adequate protection liens and super-priority administrative expense claim status, and to take such additional action and to execute and deliver each other agreement, instrument, or document to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith that such Authorized Person deems necessary, proper, or desirable to the success of the Chapter 11 Case and as required by the PSA, *provided that*, if necessary, such documents executed in connection therewith are subject to approval by the Bankruptcy Court, and

### Ratification

**WHEREAS**, the Special Committee has determined that in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, it is necessary and appropriate and in the best interests of the Company, its creditors, its members, and other parties-in-interest that to grant to its officers and Authorized Persons further authorization and ratification;

**NOW THEREFORE BE IT RESOLVED**, that each Authorized Person acting together or singly be, and hereby is authorized, empowered and directed, for and on behalf of the Company, to take any and all actions, including, without limitation, the execution, acknowledgment, filing, amendment and delivery of any and all papers, agreements, documents, instruments and certificates, and the payment of such sums, as such Authorized person may deem necessary or advisable to carry out and perform the obligations of the Company under the foregoing resolutions; and the performance of any such acts and the execution, acknowledgment, filing and delivery by such Authorized Person of any such papers, agreements, documents, instruments and certificates shall conclusively such evidence such Authorized Person's authority therefore; and

DocuSign Envelope ID: 3C952B62-031D-46C2-A61E-D6D1941CAF6E

**BE IT RESOLVED FURTHER**, that any and all actions heretofore taken by the CRO, any officer of the Company, or by any other Authorized Person that are within the scope of the foregoing resolutions hereby are ratified, confirmed and approved in all respects as the actions of the Company.; and

**BE IT RESOLVED FURTHER**, that the authority hereby conferred shall be determined to be retroactive and any and all acts authorized herein that were performed prior to the passage of theses resolutions be and hereby are, ratified, approved, and confirmed in all respects.

**IN WITNESS WHEREOF**, the undersigned members of the Special Committee have executed this Unanimous Written Consent of the Special Committee on one or more counterparts, each of which shall be considered an original, but all of which taken together shall constitute but one and the same document, and it is effective as of the date first set forth above.

SPECIAL COMMITTEE:

James T. Murphy

James Shield

Michael Hamilton

Anthony Hadley

Colin M. Adams

**Fill in this information to identify the case:**

**Debtor name:** Ector County Energy Center LLC

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 22-_____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Direct Energy Business Marketing LLC Quinn Emanuel Urquhart & Sullivan, LLP 51 Madison Avenue New York NY 10010 | Christopher D. Kercher, Esq. christopherkercher@quinnemanuel.com Tel: (212) 849-7000 Fax: (212) 849-7100 | Litigation | ☑ C ☑ U ☑ D | $403,000,000.00 | $7,000,000.00 | $396,000,000.00 |
| 2 | Controlled Fluids, Inc. PO Box 22859 Beaumont TX 77720-2859 | isales@confluids.com Tel: (800) 722-2630 | Trade Payable | ☐ C ☐ U ☐ D | | | $58,928.23 |
| 3 | General Electric International, Inc. GE Power Generation Services 4200 Wildwood Parkway Atlanta GA 30339 | Attn: Region General Manager maudette.richards@ge.com Tel: (360) 633 - 5110 | Trade Payable | ☐ C ☐ U ☐ D | | | $53,060.50 |
| 4 | Public Utility Commission of Texas William B. Travis Bldg. 1701 N. Congress Ave 7th Fl Austin TX 78701 | Taylor Kilroy taylor.kilroy@puc.texas.gov Tel: (512) 936-7000 | Trade Payable | ☐ C ☐ U ☐ D | | | $51,206.00 |
| 5 | Advanced Turbine Support 6280 SW 103 Rd Drive Gainesville FL 32608 | Chris McGinley cmcginley@advancedturbinesupport.com Tel: (352) 231-5284 | Trade Payable | ☐ C ☐ U ☐ D | | | $22,016.00 |
| 6 | AON Risk Services Central, Inc. 200 E Randolph 12th Floor Chicago IL 60601 | Tel: (312) 381-1000 | Trade Payable | ☐ C ☐ U ☐ D | | | $20,966.00 |

Debtor    **Ector County Energy Center LLC**                                                       Case number *(if known)* **22-_____**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  Longhorn Insulation, Inc. PO Box 70440 Odessa TX 79769 | Roger Montemayor roger@longhorninsulation.com Tel: 432-934-6499 | Trade Payable | ☐ C ☐ U ☐ D | | | $18,400.00 |
| 8  A2/Falls on Bull Creek, LLC Hillard Martinez Gonzalez LLP 719 S. Shoreline Blvd. Corpus Christi TX 78401 | Michael E. Richardson, Esq. mrichardson@hmglawfirm.com Tel: (361) 882-1612 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 9  Butler, Barbara The Manginello Law Firm, PLLC 1776 Yorktown Ste. 450 Houston TX 77056 | Ralph P. Manginello, Esq. ralph@atty911.com Tel: (713) 528-9070 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 10  Edward Restoration, LLC etc. Skelton Slusher Barnhill pllc 1616 S Chestnut St. Lufkin TX 75901 | Scott C. Skelton, Esq. skelton@skeltonlusher.com Tel: (936) 632-2300 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 11  Electric Reliability Council of Texas, Inc. 7620 Metro Center Drive Austin TX 78744-1654 | Attn: Legal Department - Chad V. Seely chad.seely@ercot.com | Default Uplift Charge | ☑ C ☑ U ☐ D | | | Undetermined |
| 12  Jaehne, August Individually etc. et al. Arnold & Itkin 6009 Memorial Drive Houston TX 77007 | Jason A. Itkin, Esq. jitkin@arnolditkin.com; e-service@arnolditkin.com Tel: (855) 969-3759 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 13  Jamerson , Diane etc. et al. Rad Law Firm 8001 Lyndon B. Johnson Fwy Suite 300 Dallas TX 75251 | Daryoush Toofanian, Esq. dtoofanian@radlawfirm.com ; e-serve: efileDT@radlawfirm.com Tel: (800) 710-8079 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 14  Jones, Ambrea and Timothy Jones, Jr. etc. et al. Spagnoletti Law Firm 401 Louisiana St Eighth Fl Houston TX 77022 | Francis Spagnoletti Esq frank@spaglaw.com Tel: (713) 653-5600 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 15  Meza, Colinda Individually etc., et al. Guerrero & Whittle, PLLC 2630 Exposition Blvd. Suite 102 Austin TX 78703 | Mary Whittle, Esq. mary@gwjustice.com Tel: (512) 605-2300 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |

Debtor    **Ector County Energy Center LLC**                                   Case number *(if known)* **22-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | Segundo, Amanda and Andrew Segundo et al etc. Buzbee Law Firm 600 Travis St. Ste. 7300 Houston TX 77002 | Anthony G. Buzbee, Esq. tbuzbee@txattorneys.com Tel: (844) 349-9196 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 17 | Simmons, Carina Individually etc. et al. Fears Nachawati PLLC 5473 Blair Ad. Dallas TX 75231 | Gibbs C Henderson Esq. ghenderson@fnlawfirm.com Tel: (866) 705-7584 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 18 | Trujillo, Christopher, etc. et al. Mostyn Law 3810 W. Alabama St. Houston TX 77027 | Gregory F. Fox, Esq. gfcdocketefile@mostynlaw.com Tel: (713) 714-0000 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 19 | Turner, Randy, Individually and as Personal Representative etc., et al. Brent Coon & Associates 300 Fannin Suite 200 Houston TX 77002 | Brent Coon, Esq. brent@bcoonlaw.com Tel: (713) 225-1682 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |
| 20 | White, Robert et al. Brent Coon & Associates 300 Fannin Suite 200 Houston TX 77002 | Brent Coon, Esq. brent@bcoonlaw.com Tel: (713) 225-1682 | MDL Litigation | ☑ C ☑ U ☑ D | | | Undetermined |

Fill in this information to identify the case and this filing:

**Debtor name:** Ector County Energy Center LLC

**United States Bankruptcy Court for the: District of Delaware**

**Case number (if known):** 22-_____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*

   (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    04/11/2022
               MM/DD/YYYY

                                        /s/ John D. Baumgartner
                                        Signature of individual signing on behalf of debtor

                                        John D. Baumgartner
                                        Printed name

                                        Chief Restructuring Officer
                                        Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ECTOR COUNTY ENERGY CENTER LLC,[1]<br><br>          Debtor. | Chapter 11<br><br>Case No. 22-_____ (__) |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**RULE 1007 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

      Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and (a)(3), Ector County Energy Center LLC, the debtor in the above captioned chapter 11 case ("Debtor"), states that the following entity holds 100% of the membership interest in the Debtor:

      Ector County Energy Center Holding LLC
      One South Wacker Drive, Suite 1900
      Chicago, Illinois 60606

*[signature page follows]*

---

[1] The last four digits of the Debtor's federal tax identification are 6852. The Debtor's mailing address is One South Wacker Drive, Suite 1900, Chicago, IL, 60606, and the Debtor has a principal place of business at 8200 OB Holt Road, Goldsmith, Ector County, Texas, 79761. More information about the Debtor and this case is available on the website maintained by Donlin, Recano & Company, Inc., the Debtor's proposed claims and noticing agent, at www.donlinrecano.com/ecec, or can be requested by e-mail at ececinfo@donlinrecano.com.

Dated: April 11, 2022
      Wilmington, Delaware

Respectfully submitted,

/s Christopher A. Ward_____

**POLSINELLI PC**
Christopher A. Ward (Del. Bar No. 3877)
Michael V. DiPietro (Del Bar No. 6781)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone: 302-252-0920
Facsimile: 302-252-0921
cward@polsinelli.com
mdipietro@polsinelli.com
-and-

**HOLLAND & KNIGHT LLP**
John J. Monaghan (*pro hac vice* admission pending)
Lynne B. Xerras (*pro hac vice* admission pending)
Kathleen M. St. John (*pro hac vice* admission pending)
10 St. James Avenue
Boston, MA 02116
Telephone: 617-523-2700
Facsimile: 617-523-6850
bos-bankruptcy@hklaw.com

-and-

David W. Wirt (*pro hac vice* admission pending)
Phillip W. Nelson (*pro hac vice* admission pending)
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
Telephone: 312-263-3600
Facsimile: 312-578-6666
david.wirt@hklaw.com
phillip.nelson@hklaw.com

*Proposed Counsel for the Debtor and
Debtor in Possession*

2