# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ECTOR COUNTY ENERGY CENTER LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10320 (JTD)<br><br>**Re: Docket Nos. 5 and 79** |

**FINAL ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING UTILITY SERVICES, (II) APPROVING PROPOSED ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS AND AUTHORIZING DEBTOR TO PROVIDE ADDITIONAL ASSURANCE, (III) ESTABLISHING PROCEDURES TO RESOLVE REQUESTS FOR ADDITIONAL ASSURANCE AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Ector County Energy Center LLC, the above captioned debtor and debtor-in-possession (the "Debtor"), for entry of interim and final orders pursuant to sections 105(a), 363 and 366 of the Bankruptcy Code, Bankruptcy Rules 6003(b) and 6004, and Local Rule 9013-1(m) (i) prohibiting Utility Providers from altering, refusing, or discontinuing services or discriminating against the Debtor solely on the basis of the commencement of the above-captioned chapter 11 case (the "Chapter 11 Case") or on account of failure of the Debtor to make payment for services provided during the prepetition period; (ii) approving the Adequate Assurance Deposit as adequate assurance of post-petition payment to the Utility Providers;[3] (iii) establishing procedures for resolving requests by any Utility Provider for additional adequate assurance of payment; and (iv) granting related relief, including scheduling a final hearing, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

---

[1] The last four digits of the Debtor's federal tax identification are 6852. The Debtor's mailing address is One South Wacker Drive, Suite 1900, Chicago, IL, 60606, and the Debtor has a principal place of business at 8200 OB Holt Road, Goldsmith, Ector County, Texas, 79761. More information about the Debtor and this case is available on the website maintained by Donlin, Recano & Company, Inc., the Debtor's proposed claims and noticing agent, at www.donlinrecano.com/ecec, or can be requested by e-mail at ececinfo@donlinrecano.com.

[2] Capitalized terms used but not otherwise defined herein are used as defined in the Motion.

[3] A list of the Utility Providers is attached to this Final Order as **Exhibit A**.

83318056.1

the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having held an interim hearing, and if necessary, a final hearing to consider the relief requested in the Motion (the "Hearings"); and this Court having entered the *Interim Order (i) Prohibiting Utility Providers From Altering, Refusing or Discontinuing Utility Services, (ii) Approving Proposed Adequate Assurance of Payment to Utility Providers and Authorizing Debtor to Provide Additional Assurance, (iii) Establishing Procedures to Resolve Requests for Additional Assurance and (iv) Granting Related Relief*, [D.E. 79]; and upon the First Day Declaration and the record of the Hearings; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a final basis, as set forth herein.

2. Any bonds or security deposits that were in place prior to the Petition Date shall remain in place and shall continue to be held by those Utility Providers holding the same, except upon either (i) written agreement(s) between the Debtor and Utility Providers without further order of the Court or (ii) further order(s) of the Court.

3. To the extent not already undertaken, the Debtor is authorized to cause the Adequate Assurance Deposit to be held in the Deposit Account during the pendency of the Chapter 11 Case, subject to the Adequate Assurance Procedures. The Adequate Assurance Deposit shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

4. The amount of the Adequate Assurance Deposit funded by the Debtor may be adjusted by the Debtor as follows: (i) reducing the amount held in the Deposit Account to account for the payment and termination of Utility Services by agreement with a Utility Provider; (ii) modifying the amount held in the Deposit Account on the basis of agreements reached with Utility Providers regarding Additional Assurance Requests; and (iii) in the event that the Debtor amends the Utility Providers List to add one or more additional Utility Providers, adding additional amounts to the Adequate Assurance Deposit equal to not less than 50% of the Debtor's average monthly utility consumption over the course of 12 months prior to the Petition Date from such Utility Providers.

5. The obligation to maintain the Adequate Assurance Deposit shall terminate upon the earlier of: (a) ten (10) business days following the date upon which (i) notice of the effective date of a Chapter 11 plan in this case is served on the Utility Providers or (ii) the case is dismissed, or (b) ten (10) business days after the Debtor provides notice to the Utility Providers that services provided to the Debtor by such Utility Provider are no longer needed. Such notice shall be sent by email or overnight mail. In the event the Debtor provides notice to a Utility Provider that the services of such Utility Provider are no longer needed, such Utility Provider must notify the Debtor within ten (10) days of receiving the notice of any outstanding post-petition amounts due. If such

83318056.1

Utility Provider does not timely notify the Debtor of a post-petition balance, the Adequate Assurance Deposit for that Utility Provider shall be released.

6. In accordance with section 366 of the Bankruptcy Code, absent compliance with the Additional Assurance Procedures, the Utility Providers are prohibited from altering, refusing, or discontinuing service on account of the commencement of this Chapter 11 Case, any unpaid prepetition charges, or any perceived inadequacy of the adequate assurance offered by the Debtor.

7. The following Additional Assurance Procedures are hereby approved:

(a) Any Utility Provider desiring Additional Assurance must serve a written request (an "Additional Assurance Request") on: (i) the CRO, on behalf of the Debtor, Grant Thornton, LLP, Attn: John Baumgartner, 700 Milam Street, Suite 300, Houston, TX 77002 (john.baumgartner@us.gt.com); and (ii) proposed counsel to the Debtor, Holland & Knight LLP, Attn: Lynne B. Xerras, Esq. and John J. Monaghan, Esq., 10 St. James Avenue, Boston, MA, 02116 (john.monaghan@hklaw.com, lynne.xerras@hklaw.com), and Polsinelli P.C., Attn: Christopher Ward, Esq., 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801 (cward@polsinelli.com) (the "Debtor Parties");

(b) Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the type of Utility Service(s) provided as well as the applicable account number(s); and (iii) include a proposal for what the Utility Provider believes would constitute adequate assurance from the Debtor, along with an explanation as to why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of post-petition payment in light of the circumstances;

(c) Upon the Debtor's receipt of any Additional Adequate Assurance Request, the Debtor shall have twenty (20) days to negotiate with the Utility Provider to resolve the request (the "Resolution Period");

(d) If the Debtor determines that an Additional Assurance Request is not reasonable or it is not able to reach an agreement with the Utility Provider during the Resolution Period, the Debtor will schedule a hearing (the "Determination Hearing") before this Court on the next scheduled omnibus hearing date to determine the adequacy of assurances of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code;

(e) Pending resolution of any such Determination Hearing, the Utility Provider submitting such Additional Adequate Assurance Request shall be

    prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services, the commencement of these cases, or on account of any objections to the Adequate Assurance Deposit. The Adequate Assurance Deposit shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Adequate Assurance Request; and

 (f) Unless and until an order of the Court is entered requiring further assurance of payment, each Utility Provider shall be deemed to have adequate assurance of payment based on the establishment of the Proposed Adequate Assurance.

 8. The Debtor is authorized, in its sole discretion, to amend the Utility Providers List to add or delete any Utility Provider, and this Final Order shall apply to any Utility Provider that is subsequently added to the Utility Providers List, upon its receipt of notice of the Motion and the Final Order. Any such amended Utility Providers List shall be filed with the Court and served on any added or deleted Utility Providers with this Final Order. As to any Utility Provider that is deleted from the list, the provisions set forth in paragraph 6 (b) shall apply, as applicable.

 9. To the extent that the Debtor becomes delinquent with respect to a Utility Provider's account after the Petition Date, such Utility Provider shall be permitted to file a written notice of delinquency with the Court (a "<u>Delinquency Notice</u>") and serve such Delinquency Notice on the Debtor Parties. Such Delinquency Notice must set forth the amount of the delinquency with enough detail for the Debtor and other parties-in-interest to determine the amount owing, by account number, and the dates services were provided. If such delinquency is not cured, and none of the Debtor Parties have objected to the Delinquency Notice within ten (10) days of receipt, the Debtor will be required to remit to the respective Utility Provider from the Deposit Account the amount of post-petition charges claimed as delinquent; in the event of an objection or dispute as to the amount of an asserted delinquency, the Debtor shall be required to timely request that this Court schedule a hearing to resolve the dispute. The Debtor will further be required to ensure that the Adequate Assurance Deposit is replenished after payment of the delinquent balance.

83318056.1

10. The Debtor shall serve a copy of the Motion and this Final Order on each Utility Provider no later than two (2) business days after the date this Final Order is entered.

11. The inclusion of any entity in, or the omission of any entity from, the Utility Providers List shall not be deemed an admission by the Debtor that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor's rights and defenses with respect thereto are reserved and preserved.

12. Nothing contained in the Motion or this Final Order, or the Debtor's payment of any claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim or lien against the Debtor or its estate, (ii) a waiver of the Debtor's right to dispute any claim or lien, (iii) an approval or assumption of any agreement, contract, or lease pursuant to Bankruptcy Code section 365, (iv) an admission of the priority status of any claim, whether under Bankruptcy Code section 503(b)(9) or otherwise, (v) a modification of the Debtor's right to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any third party; or (vi) a waiver of the Debtor's ability to assume and/or assign any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

13. Notwithstanding anything to the contrary herein, any payment to be made by the Debtor pursuant to the authority granted herein shall be subject to the applicable budget and/or cash collateral authorization requirements imposed on the Debtor under any orders entered by the Court approving the Debtor's (a) entry into any post-petition debtor in possession financing facility (the "DIP Order"), and (b) authorizing the Debtor's use of cash collateral (a "Cash Collateral Order," and, together with the DIP Order, the "Financing Orders").

14. The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Final Order.

15. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

16. This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Final Order.

**Dated: May 5th, 2022**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

7

83318056.1