**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ECTOR COUNTY ENERGY CENTER LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10320 (JTD) |

**NOTICE OF BAR DATE FOR FILING OF PROOFS OF**
**CLAIM, INCLUDING SECTION 503(b)(9) CLAIMS**

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE ABOVE CAPTIONED DEBTOR, ECTOR COUNTY ENERGY CENTER LLC, PLEASE TAKE NOTICE THAT:

On April 11, 2022 (the "Petition Date"), Ector County Energy Center LLC, the above-captioned debtor and debtor in possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtor has continued in possession of its property pursuant to Bankruptcy Code sections 1107(a) and 1108.

Pursuant to the order dated June 17, 2022 [Docket No. 240] (the "Bar Date Order"),[2] the Court has established deadlines described herein for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a proof of claim against the Debtor, including establishing (i) **August 25, 2022** as the general deadline by which each person or entity, other than governmental units, must file a proof of claim (each, a "Proof of Claim") based on any asserted claims against the Debtor that arose prior to the Petition Date, including requests for allowance and payment of claims under section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") for goods delivered and received by the Debtor in the 20 days prior to the Petition Date (the "General Bar Date"); and (ii) **October 11, 2022** (the "Government Bar Date") as the deadline for governmental units to file a Proof of Claim. Your rights as a creditor may be affected and you are advised to read the foregoing carefully to ensure compliance.

---

[1] The last four digits of the Debtor's federal tax identification are 6852. The Debtor's mailing address is One South Wacker Drive, Suite 1900, Chicago, IL, 60606, and the Debtor has a principal place of business at 8200 OB Holt Road, Goldsmith, Ector County, Texas, 79761. More information about the Debtor and this case is available on the website maintained by Donlin, Recano & Company, Inc., the Debtor's claims and noticing agent, at www.donlinrecano.com/ecec, or can be requested by e-mail at ececinfo@donlinrecano.com.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bar Date Order.

84033107.1

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a separate, completed, and executed Proof of Claim by completing the proof of claim form enclosed herewith and attached to the Bar Date Order as **Exhibit 2** (the "Proof of Claim Form") to vote on any chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim (as "claim" is defined in the Bankruptcy Code section 101(5)) against the Debtor or the Debtor's estate arising or accruing prior to the Petition Date, including claims arising under Bankruptcy section 503(b)(9) (each, a "Claim"), and your Claim is not one of the other types of claims described in section 2 below.

The Bar Dates apply to all Claims held or to be asserted against the Debtor that arose prior to the Petition Date, including the following:

(a) Any Claimant whose Claim against the Debtor is not listed in the Schedules, if such Entity desires to participate or share in any distribution or vote on any plan of reorganization or liquidation in this Chapter 11 Case.

(b) Any Claimant whose Claim is listed in the Schedules as "disputed," "contingent," or "unliquidated," if such Entity desires to participate or share in any distribution or vote on any plan of reorganization or liquidation in this Chapter 11 Case;

(c) Any Claimant who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount, if such Entity desires to have its Claim allowed in a classification or amount different from that set forth in the Schedules; and

(d) Any Claimant who believes it holds a 503(b)(9) Claim against the Debtor.

Pursuant to the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under Bankruptcy Code sections 503(b)(9). All other administrative claims under Bankruptcy Code section 503(b) must be made by separate requests for payment in accordance with Bankruptcy Code section 503(a) and will not be deemed proper if made by a Proof of Claim Form. No deadline has been established for the filing of administrative claims other than Claims under Bankruptcy Code section 503(b)(9).

**Except as otherwise set forth in the Bar Date Order, Claims, including Claims under Bankruptcy Code section 503(b)(9), must be filed by the General Bar Date and such Claims shall be forever barred if you fail to do so**.

2. **Parties Not Required to File Proofs of Claim**

AT THIS TIME, Proof of Claim Forms ARE NOT REQUIRED to be filed by Creditors holding or wishing to assert Claims against the Debtor for the following types of claims (collectively, the "Excluded Claims"):

      (a)      Any person or entity (i) that agrees with the nature, classification, and amount of his, her, or its Claim as set forth in the Schedules, and (ii) whose Claim against the Debtor is **not** listed as "disputed," "contingent," or "unliquidated" in the Schedules;

      (b)      Any person or entity that has already properly filed a proof of claim against the Debtor in a form substantially similar to Official Form No. 10;

      (c)      Any person or entity asserting a Claim allowable under (i) Bankruptcy Code sections 503(b) and 507(a)(2) as an administrative expense of the Chapter 11 Case (other than any 503(b)(9) Claim) or (ii) 28 U.S.C. § 1930(a), together with any interest and penalties associated with same; and

      (d)      Any person or entity whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Court.

Should the Court fix a date in the future after the General Bar Date by which time any of the Excluded Claims must be filed, you will be so notified.

### 3. Amended Schedule Bar Date

It is your responsibility to determine whether your Claim is listed on the Debtor's schedules of assets and liabilities and statement of financial affairs filed in this case (collectively, the "Schedules") and available on the website maintained by Donlin, Recano & Company, Inc., the Debtor's claims and noticing agent ("Donlin"), at: www.donlinrecano.com/Clients/ecec/Static/soals.

If the Debtor amends the Schedules to reduce the amount scheduled, or to change the nature or classification of a Claim reflected therein, or to designate as disputed, contingent, or unliquidated a claim that had previously not been so designated, then the affected claimant shall have until the later of the General Bar Date or twenty-one (21) days after a claimant is served with notice that the Debtor has amended the Schedules, reducing, deleting, or changing the status of a Claim in the Schedules, to file a Proof of Claim Form with respect to such Claim (the "Amended Schedule Bar Date").

### 4. Rejection Bar Date

Except as otherwise set forth in any order authorizing the rejection of an executory contract or unexpired lease, the date by which a completed Proof of Claim Form relating to the Debtor's rejection of an executory contract or unexpired lease must be filed shall be the latest of: (i) the General Bar Date, or (ii) the date provided in (A) the order authorizing the Debtor to reject ("Rejection Order"), or (B) if no such date is provided, then 5:00 p.m. (Prevailing Eastern Time) on the date that is 30 days after service of notice of entry of the Rejection Order on the affected claimant (the "Rejection Bar Date," and together with the General Bar Date, the Government Bar Date and the Amended Schedule Bar Date, the "Bar Dates").

### 5. Proof of Claim Filing Requirements and Procedures

For any Proof of Claim Form to be validly and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be submitted to the Debtor's noticing and claims agent, Donlin, Recano & Company, Inc., either by mail or hand delivery or electronically using the interface available on Donlin website at www.donlinrecano.com/Clients/ecec/FileClaim in accordance with Local Rule 3003-1(a) so that it is received no later than the applicable Bar Date. Proof of Claim Forms shall be deemed filed when **actually received** by Donlin (**NOT the date of the postmark**).

Proof of Claim Forms delivered by First-Class Mail to Donlin should be addressed and sent to:

**Donlin, Recano & Company, Inc.**
**Re: Ector County Energy Center LLC**
**P.O. Box 199043**
**Blythebourne Station**
**Brooklyn, NY 11219**

Proof of Claim Forms delivered by hand delivery or overnight mail to Donlin should be addressed and sent to:

**Donlin, Recano & Company, Inc.**
**Re: Ector County Energy Center LLC**
**6201 15th Avenue**
**Brooklyn, NY 11219**

Any person or entity that files a Proof of Claim by mail, overnight courier, or hand delivery, who wishes to receive a clocked-in copy by return mail must include an additional copy of the proof of claim and a self-addressed, postage-paid envelope.

Donlin shall not be required to and will not be deemed to have accepted Proofs of Claim sent by facsimile or electronic mail transmission.

A Proof of Claim Form is enclosed with this notice and may be used to file your Claims. Additional Proof of Claim Forms are available at https://www.uscourts.gov/services-forms/forms or at www.donlinrecano.com/Clients/ecec/Static/POC.

Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Bankruptcy Form B10; (iv) state a Claim against the Debtor; and (v) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

Each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; provided, however, that a Proof of Claim may be filed without

supporting documentation if the filing Claimant agrees in its Proof of Claim that it shall transmit such writings to the Debtor, the Office of the U.S. Trustee for the District of Delaware, any Official Committee of Unsecured Creditors, or other party in interest so requesting no later than 10 days from the date of such request.

6. **Consequences of Failure to Properly File a Proof of Claim Form by the Applicable Bar Date**

PLEASE TAKE FURTHER NOTICE THAT, **EXCEPT WITH RESPECT TO EXCLUDED CLAIMS DESCRIBED ABOVE**, ANY PERSON OR ENTITY WHO IS REQUIRED TO FILE A PROOF OF CLAIM BUT FAILS TO DO SO ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT, UNLESS THE COURT ORDERS OTHERWISE, BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING AND DISTRIBUTION.

Specifically, any person or entity required to file a Proof of Claim but fails to properly and timely do so on or before the applicable Bar Date shall, unless the Court orders otherwise: (a) in the case of a person or entity whose Claim is not listed in the Schedules, or whose Claim is listed in the Schedules as "disputed," "contingent," or "unliquidated," be forever barred, estopped, and enjoined from (i) asserting any Claim against the Debtor or the Debtor's estate in the Chapter 11 case, and (ii) voting upon or receiving distributions under any plan of reorganization or liquidation in this Chapter 11 Case with respect to such Claim; or (b) in the case of a person or entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount in the Schedules, be forever barred, estopped, and enjoined from (i) asserting any Claim against the Debtor or the Debtor's estate in the Chapter 11 case that is greater than the amount set forth in the Schedules or with a classification that differs from the classification set forth in the Schedules, and (ii) voting upon or receiving distributions under any plan of reorganization or liquidation in this Chapter 11 Case with respect to such Claim for an amount that exceeds the amount of such Claim as set forth in the Schedules, or with a classification for such Claim that differs from the classification for such Claim that is set forth in the Schedules; *provided, however*, that nothing in this paragraph shall prevent distributions on account of allowed late-filed claims (consistent with 11 U.S.C. § 726(a)(2)) in the event that the above-captioned case is converted to a case under chapter 7 of the Bankruptcy Code; and provided further that a holder of a Claim shall be able to assert and vote upon any undisputed, noncontingent and liquidated claims identified in the Schedules on behalf of such holder, in the amount set forth in the Schedules, and receive distributions under any plan of reorganization or liquidation in this case on account of such scheduled claim.

The Debtor reserves the right to: (i) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, priority, classification, or otherwise, (ii) subsequently designate any scheduled Claim as disputed, contingent, or unliquidated, and (iii) otherwise amend or supplement the Schedules. Nothing contained in this notice shall preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

7. **Additional Information**

The Debtor's Schedules, the Bar Date Order, and other information regarding the Debtor's Chapter 11 Case are available at the Debtor's website at www.donlinrecano.com/ecec. If you require additional information regarding the contents hereof, you may contact Donlin's call center for the Debtor at (800) 361-2782 (Toll Free) or submit an inquiry via email to ececinfo@donlinrecano.com. Please be advised that Donlin is not permitted to provide legal advice.

CREDITORS WISHING TO RELY ON THE SCHEDULES ARE RESPONSIBLE FOR DETERMINING WHETHER THEIR CLAIMS ARE ACCURATELY LISTED THEREIN. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTOR. YOU SHOULD CONSULT WITH YOUR OWN ADVISORS TO DETERMINE WHETHER YOU HOLD A CLAIM AGAINST THE DEBTOR AND YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR.

[*signature page follows*]

| | |
|---|---|
| Dated: June 22, 2022<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s Christopher A. Ward*_____<br>**POLSINELLI PC**<br>Christopher A. Ward (Del. Bar No. 3877)<br>Michael V. DiPietro (Del. Bar No. 6781)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, DE 19801<br>Telephone: 302-252-0920<br>Facsimile: 302-252-0921<br>cward@polsinelli.com<br>mdipietro@polsinelli.com<br><br>-and-<br><br>**HOLLAND & KNIGHT LLP**<br>John J. Monaghan (admitted *pro hac vice*)<br>Lynne B. Xerras (admitted *pro hac vice*)<br>Kathleen M. St. John (admitted *pro hac vice*)<br>10 St. James Avenue<br>Boston, MA 02116<br>Telephone: 617-523-2700<br>Facsimile: 617-523-6850<br>john.monaghan@hklaw.com<br>lynne.xerras@hklaw.com<br>kathleen.stjohn@hklaw.com<br><br>-and-<br><br>David W. Wirt (admitted *pro hac vice*)<br>Phillip W. Nelson (admitted *pro hac vice*)<br>150 N. Riverside Plaza, Suite 2700<br>Chicago, IL 60606<br>Telephone: 312-263-3600<br>Facsimile: 312-578-6666<br>david.wirt@hklaw.com<br>phillip.nelson@hklaw.com<br><br>*Counsel for the Debtor and*<br>*Debtor in Possession* |